NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3020
_____

RAYMOND PATRICIO TERRANOVA-MACIAS,
a/k/a Raymond Patricio Terranova,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge: Honorable Walter A. Durling
(No. A042-078-731)
_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2014

Before: AMBRO, GREENBERG, and BARRY, Circuit Judges

(Opinion filed: June 19, 2014)
_____

OPINION
_____

AMBRO, Circuit Judge

Raymond Patricio Terranova-Macias is a native of Ecuador who had been residing

in the United States as a lawful permanent resident ("LPR") prior to the events leading to

this proceeding. In September 2010, he was convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) and subsequently was sentenced to eighteen months' imprisonment. The Department of Homeland Security ("DHS") initially charged Terranova-Macias with inadmissibility under 8 U.S.C. § 1182(a)(2)(I)(i) for having engaged in money laundering, as well as violating 8 U.S.C. § 1182(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude.

Initially, the immigration judge ("IJ") found Terranova-Macias removable on both charges and denied his various requests for relief. The BIA remanded for the IJ to determine, with appropriate fact-finding, whether DHS had shown by clear and convincing evidence that Terranova-Macias should be classified as a candidate for admission.[1] On remand, the IJ found that he was "not properly classified as an arriving alien[.]" App. at 28. As a result, Terranova-Macias could not be removed under the cited provisions and the IJ terminated the proceedings.

DHS timely filed a motion to reopen the proceedings under 8 C.F.R. § 1003.23, which the IJ granted over Terranova-Macias's objection. In support of this motion, DHS filed a Form I-261, which alleged that Terranova-Macias was removable as an alien who committed an aggravated felony after admission under 8 U.S.C. § 1227(a)(2)(A)(iii). A different IJ held a hearing and found Terranova-Macias removable as an aggravated felon. The same order found no jurisdiction to readdress the previous IJ's denial of

---

[1] Terranova-Macias was attempting to re-enter the country at John F. Kennedy International Airport when he was stopped by customs agents, purportedly based on the discovery of an outstanding warrant. He was then paroled into the United States to await criminal prosecution. Being "admitted" to the United States represents a technical legal status and is not synonymous with physical presence.

2

asylum, withholding of removal, and relief under the Convention Against Torture. Terranova-Macias appealed to the BIA, which affirmed. He petitions for review of the BIA's decision.[2]

In support of his petition, Terranova-Macias argues that the Board erred in upholding the granting of the motion to reopen. We review BIA decisions regarding motions to reopen for abuse of discretion. *See Liu v. Attorney Gen.*, 555 F.3d 145, 148 (3d Cir. 2009). In particular, Terranova-Macias argues that DHS's motion did not comply with 8 C.F.R. § 1003.23(b)(3), which states in relevant part that "[a] motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary material." Here, Terranova-Macias contends that DHS did not allege new facts to be proven or provide additional evidence beyond the Form I-261 in support of its motion.

The regulation further states that "[a] motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Despite this requirement, the BIA neither cited § 1003.23(b)(3) nor discussed its application to our case.[3] Instead, it summarily disposed of Terranova-Macias's objection to the grant of the motion to reopen by noting that charges of

---

[2] We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252.

[3] Because the BIA analyzed the issue directly, rather than adopting or deferring to any conclusion of the IJ, we look only to the BIA's decision. *See Abdulai v. Ashcroft*, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

removability may be added at any time during the proceedings and that DHS had moved to reopen before the prior order became final.

This cursory explanation is insufficient. *See Hailemichael v. Gonzales*, 454 F.3d 878, 884 (8th Cir. 2006). As we have noted, "a court must evaluate the propriety of an agency action solely on the grounds invoked by the agency in its initial determination. If, as in this case, those grounds are inadequate or improper, the agency action must be set aside." *Moret v. Karn*, 746 F.2d 989, 992 (3d Cir. 1984) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947)). Because we are not empowered to evaluate for ourselves whether the regulation was complied with, the BIA's silence is dispositive. *See id.* ("[T]his court is not free to uphold the agency's determination on the basis of a post-hoc rationalization by the government. Neither may this court supply its own justification for the decision of the INS." (internal citation omitted)).

Under these circumstances, the appropriate remedy is to allow the BIA to make the decision in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16-17 (2002). Therefore, we remand the case for a determination whether the grant of the motion to reopen was proper in view of § 1003.23(b)(3).[4] Accordingly, we grant the petition for review, vacate the BIA's order, and remand the matter for further proceedings.

---

[4] Terranova-Macias raised a number of additional claims both before the BIA and in his brief. In light of our resolution of his first claim, we need not reach them at this time.

4